

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

*See art. 6701d-11,*
*Sec. 8 of it was*
*repealed*

March 4, 1958

Mr. Jimmy Morris
County Attorney
Navarro County
Corsicana, Texas

Opinion No. WW-381

Re: The authority of an officer ar-
resting a person for violation
of the anti-racing statute, arti-
cle 795, P.C., to take such per-
sons before a magistrate im-
mediately, despite the demand
of such person that he be re-
leased upon his signing a prom-
ise to appear later before a des-
ignated court at a specified time
and place.

Dear Mr. Morris:

This is in response to your request for an opinion with re-
gard to the authority of an arresting officer to take a person arrested for
violation of the anti-racing statute, Article 795, Vernon's Annotated Penal
Code, before a magistrate immediately, despite the demand of such person
that he be released upon his signing a written promise to appear later be-
fore a designated court at a specified time and place.

Article 795, Vernon's Annotated Penal Code, reads as follows:

"No race or contest for speed between motor ve-
hicles of any kind shall be held upon any public highway.
Any person violating this article shall be fined not exceed-
ing one hundred dollars. Acts 1917, p. 480, Acts 3rd C.S.
1917, p. 70."

For convenience, this statute will be referred to in this opinion as the "anti-
racing" statute.

Article 792, Vernon's Annotated Penal Code, reads as follows:

"In case of any person arrested for violation of the
preceding articles relating to speed of vehicles, unless such
person so arrested shall demand that he be taken forthwith

before a court of competent jurisdiction for an immediate hearing, the arresting officer shall take the license number, name and make of the car, the name and address of the operator or driver thereof, and notify such operator or driver in writing to appear before a designated court of competent jurisdiction at a time and place to be specified in such written notice at least five days subsequent to the date thereof, and upon the promise in writing of such person to appear at such time and place, such officer shall forthwith release such person from custody. Any person wilfully violating such promise, regardless of the disposition of the charge upon which he was originally arrested, shall be fined not less than five nor more than two hundred dollars. Acts.1923, p. 333."

This statute will be referred to in this opinion as the "Violation of Promise" statute.

Article 827a, sec. 8, Vernon's Annotated Penal Code, reads in part as follows:

"Sec. 8, Subsection 1. (a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, . . . or when special hazard exists. . .

"(b) Where no special hazard exists that requires a lower speed for compliance with subsection 1(a) of this Section, . . . any speed in excess of the limits specified in this subsection or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

" . . .

"(2) Sixty (60) miles per hour in the daytime and fifty-five (55) miles per hour during the nighttime in locations other than business or residence districts . . .

" . . . As amended Acts 1951, 52nd Leg., p. 589, ch. 346, sec. 1."

This statute will be referred to in this opinion as the "Speeding" statute.

The articles relating to each of three above cited statutes were first enacted in 1917 by the 35th Legislature, Regular Session, Chapter 207, pages 474-485. They appeared in the Act in the following order:

Section 19.  Anti-racing statute
Section 20.  Speeding statute
Section 21.  Violation of Promise statute

Section 21 (Violation of Promise) reads in part as follows:

"In the case of any person arrested for violation of the provisions of the last preceding section of this Act, . . . ." (Emphasis added)

This obviously referred to Section 20, the speeding statute, only.

These three statutes (speeding; violation of promise, and anti-racing) were codified in Chapter One, Title 13, of the Revised Penal Code of Texas, 1925. The speeding statute was broken down into three component parts:

Article 789 - Speeding
Article 790 - Reckless Driving
Article 791 - Exempting emergency vehicles

The Violation of Promise Statute became Article 792, and the Anti-racing Statute became Article 795.

Since the speeding statute was codified into three articles: 789, 790, and 791, the Revised Penal Code of Texas, 1925, Article 792 (Violation of Promise statute) was caused to read in part as follows:

"In case of any person arrested for violation of the preceding articles relating to speed of vehicles . . ." (Emphasis added)

It will be noted that in the 1925 codification, the Legislature placed Article 795 (Anti-racing statute) after the Violation of Promise statute so that Article 792 would not apply to the Anti-racing statute.

Without tracing the entire legislative history of the speed-ing statute, it is sufficient to state that it has been amended a number of times since the 1925 codification, and is now found in Vernon's Annotated Penal Code as Article 827a, sec. 8.

In 1947, the 50th Legislature enacted the Uniform Act Regu-lating Traffic on Highways, Article 6701d, Vernon's Annotated Civil Stat-utes. Section 148 of this Act makes provision for officers to release per-sons charged with traffic violations upon their promise to appear later be-fore a court of competent jurisdiction at a specified time and place. Sec-tion 148, Article 6701d, V.A.C.S. reads in part as follows:

> " . . . the offense of speeding shall be the only
> offense making mandatory the issuance of a written
> notice to appear in court, . . ."

This is an obvious reference to Article 827a, sec. 8, Vernon's Annotated Penal Code. It is significant that the ban on racing on public highways is not mentioned in Article 6701d, V.A.C.S.

Section 149, Art. 6701d, V.A.C.S., provides the penalty for violation of promise to appear; and Section 150, Art. 6701d, V.A.C.S., reads as follows:

> "The foregoing provisions of this Article shall
> govern all police officers in making arrests without a
> warrant for violations of this Act, but the procedure
> prescribed herein shall not otherwise be exclusive of
> any other method prescribed by law for the arrest and
> prosecution of a person for an offense of like grade."
> (Emphasis added)

Sec. 148, Art. 6701d, V.A.C.S., was amended in 1953, by the 53rd Legislature. This amendment allowed the person released on written promise to appear to have 10 days, instead of 5 days, permitted the immediate arrest of persons driving out-of-state automobiles, and declares that any officer violating any provision of this section shall be guilty of misconduct in office, and subject to removal from office. Once again this section makes mandatory the release upon signing a written promise to appear, only the offense of speeding.

You have stated in your letter that you are of the opinion that Article 792, V.A.P.C., (Violation of Promise statute), does not apply to Article 795, V.A.P.C. (Anti-racing statute), and we concur with your view in this matter.

In construing a statute the intent of the Legislature must be given effect.

> "The language of a statute is presumed to have been selected and used with care and deliberation. . . . Where the statutory language is plain and unambiguous, and expresses a single definite and sensible meaning, it is conclusively presumed that the Legislature intended to convey such meaning. . . ." 39 Tex.Jur. p. 244.

From the very beginning, the Legislature has treated the Violation of Promise statute as applying only to the Statute on speeding. It has never been applied to the anti-racing statute. While there are many annotations cited under the speeding statute, Art. 827a, sec. 8, V.A.P.C., the anti-racing statute, Art. 795, V.A.P.C., has never been construed by our appellate courts.

The speeding statute and the anti-racing statute are two entirely different laws. One person may violate the speeding laws; it takes the operators of two or more vehicles to violate the anti-racing statute. It is conceivable that a person could violate the anti-racing statute without violating the speeding statute, especially if his motor vehicle was unable to exceed the maximum allowable speed.

We hold, therefore, that an officer arresting a person for violation of Article 795, V.A.P.C., (Anti-racing statute), has authority to take such person immediately before a magistrate, despite the demand of such person to be released upon signing a promise in writing to appear later before a court of competent jurisdiction at a specified time and place. Such person must be charged under Article 795, V.A.P.C., and not under Article 827a, sec. 8, V.A.P.C. There are suitable forms of complaint charging a violation of the speeding law in Willson's Texas Criminal Forms, 6th Edition, but there is no form for a complaint charging a violation of the anti-racing statute. It will be necessary for the prosecutor or the magistrate accepting such a complaint to draft a suitable form.

## SUMMARY

An officer arresting a person for violation of the anti-racing statute, Art. 795, P.C., may take such person before a magistrate immediately, despite the demand of such person that he be released upon his signing a written promise to appear later before a designated court at a specified time and place; but care must be taken to charge under the anti-racing statute, Art. 795, P.C., and not under the speeding statute, Art. 827a, Sec. 8, P.C.

APPROVED:
OPINION COMMITTEE:

George P. Blackburn,
Chairman

Cecil C. Rotsch
John Reeves
Houghton Brownlee, Jr.
F. C. Jack Goodman

Reviewed for the Attorney General

By: W. V. GEPPERT

Yours very truly,

WILL WILSON
Attorney General of Texas

By   Riley Eugene Fletcher
         Assistant